IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOSEPH A. LONG,            )
                           )
    Plaintiff,             )
                           )
v.                         )   Civil Action No.: 2:15-CV-131
                           )
COMERICA BANK,             )
                           )
    Defendant.             )

## ANSWER

Comerica Bank, the Defendant in this action, answers the allegations made by the Plaintiff and asserts various affirmative defenses to the Plaintiff's claims by stating the following:

1. This paragraph does not require either an admission or denial.

2. The Defendant is without sufficient information to either admit or deny these allegations, so the Defendant denies the allegations and demands strict proof in support thereof.

3. The Defendant is without sufficient information to either admit or deny these allegations, so the Defendant denies the allegations and demands strict proof in support thereof.

4. The Defendant admits these allegations.

5. The Defendant admits these allegations.

6. The Defendant denies the allegation contained in this paragraph because it assumes a violation of the Electronic Funds Transfer Act, which allegation the Defendant denies.

7. The Defendant denies the allegation in this paragraph and demands strict proof in support thereof.

8. The Defendant admits these allegations.

9. The Defendant denies these allegations.

10. The Defendant admits these allegations.

11. The Defendant is without sufficient information to either admit or deny these allegations, so the Defendant denies the allegations and demands strict proof in support thereof.

12. Defendant denies these allegations and demands strict proof in support thereof.

13. Defendant denies these allegations and demands strict proof in support thereof.

14. Defendant denies these allegations and demands strict proof in support thereof.

15. Defendant denies these allegations and demands strict proof in support thereof.

16. Defendant denies these allegations and demands strict proof in support thereof.

17. Defendant denies these allegations and demands strict proof in support thereof.

18. Defendant denies these allegations and demands strict proof in support thereof.

19. Defendant denies these allegations and demands strict proof in support thereof.

20. Defendant denies these allegations and demands strict proof in support thereof.

21. Defendant denies these allegations and demands strict proof in support thereof.

22. Defendant denies these allegations and demands strict proof in support thereof.

23. Defendant denies these allegations and demands strict proof in support thereof.

24. Defendant denies these allegations and demands strict proof in support thereof.

25. Defendant denies these allegations and demands strict proof in support thereof.

26. Defendant denies these allegations and demands strict proof in support thereof.

27. Defendant denies these allegations and demands strict proof in support thereof.

28. Defendant denies these allegations and demands strict proof in support thereof.

29. Defendant denies these allegations and demands strict proof in support thereof.

30. Defendant denies these allegations and demands strict proof in support thereof.

31. Defendant denies these allegations and demands strict proof in support thereof.

32. Defendant incorporates by reference its admissions and denials to the previous paragraphs.

33. This paragraph does not require either an admission or denial because it contains no factual allegations. To the extent either is required, the Defendant denies any allegations contained in the paragraph and demands strict proof in support thereof.

34. Defendant denies these allegations and demands strict proof in support thereof.

35. Defendant denies these allegations and demands strict proof in support thereof.

36. Defendant denies these allegations and demands strict proof in support thereof.

37. Defendant denies these allegations and demands strict proof in support thereof.

38. Defendant denies these allegations and demands strict proof in support thereof.

39. Defendant denies these allegations and demands strict proof in support thereof.

40. Defendant denies these allegations and demands strict proof in support thereof.

41. Defendant denies these allegations and demands strict proof in support thereof.

42. Defendant denies these allegations and demands strict proof in support thereof.

43. Defendant denies these allegations and demands strict proof in support thereof.

44. Defendant denies these allegations and demands strict proof in support thereof.

45. Defendant denies these allegations and demands strict proof in support thereof.

46. Defendant denies these allegations and demands strict proof in support thereof.

47. Defendant denies these allegations and demands strict proof in support thereof.

48. Defendant denies these allegations and demands strict proof in support thereof.

49. Defendant denies these allegations and demands strict proof in support thereof.

50. Defendant denies these allegations and demands strict proof in support thereof.

51. Defendant denies these allegations and demands strict proof in support thereof.

52. This paragraph does not require either an admission or denial because it contains no factual allegations. To the extent either is required, the Defendant denies any allegations contained in the paragraph and demands strict proof in support thereof.

53. Defendant denies these allegations and demands strict proof in support thereof.

54. Defendant incorporates by reference its admissions and denials to the previous paragraphs.

55. Defendant denies these allegations and demands strict proof in support thereof.

56. Defendant denies these allegations and demands strict proof in support thereof.

57. Defendant denies these allegations and demands strict proof in support thereof.

58. Defendant denies these allegations and demands strict proof in support thereof.

59. Defendant denies these allegations and demands strict proof in support thereof.

60. Defendant denies these allegations and demands strict proof in support thereof.

61. Defendant denies these allegations and demands strict proof in support thereof.

62. Defendant denies these allegations and demands strict proof in support thereof.

63. Defendant denies these allegations and demands strict proof in support thereof.

64. Defendant denies these allegations and demands strict proof in support thereof.

65. Defendant incorporates by reference its admissions and denials to the previous paragraphs.

66. The Defendant admits that it is party to the contract attached as Exhibit "D" to the Complaint.

67. Defendant denies these allegations and demands strict proof in support thereof.

68. Defendant denies these allegations and demands strict proof in support thereof.

69. Defendant denies these allegations and demands strict proof in support thereof.

70. Defendant denies these allegations and demands strict proof in support thereof.

## AFFIRMATIVE DEFENSES

1. Plaintiff's alleged damages did not result from any negligent and/or intentional misconduct on Comerica's part, but resulted instead from Plaintiff's own negligent conduct or the acts of third parties whom Plaintiff authorized and/or facilitated to perform the disputed transaction.

2. Plaintiff waived any and all claims against Comerica by his own acts or failure to act in protecting his financial interest, including without limitation, by facilitating to others the use of his debit card and/or personal account information, and/or by failing to adhere to Comerica's fraud trend procedure.

3. Comerica acted in good faith, exercised ordinary care in its dealings with Plaintiff and acted in a commercially reasonable manner in conducting the required investigation into Plaintiff's claim.

4. Comerica was not required to provisionally credit Plaintiff's account within ten (10) business days after receiving notification of the disputed transaction identified in Plaintiff's Complaint.

5. Plaintiff failed to mitigate his damages to the extent he failed to notify Comerica about any alleged unauthorized transfers as required by the Electronic Funds Transfer Act and/or by the governing agreement between Plaintiff and Comerica.

6. Plaintiff failed to mitigate his damages by failing to make any demand on the unidentified third party(s) for return of the subject funds.

7. Plaintiff failed to comply conditions precedent to his claim, including the failure to identify the date and type for the alleged fraudulent transaction as required by the Electronic Funds Transfer Act.

8. Plaintiff's damages, if any, should be apportioned among the parties according to their respective fault, in accordance with the proportion of fault causing the loss.

9. Any award in favor of Plaintiff must be set off or reduced by any recovery received by Plaintiff from any third party.

10. The Plaintiff's Complaint fails to state claims upon which relief can be granted.

11. The Plaintiff has waived and released his claims.

12. The Plaintiff is estopped from asserting his claims.

13. The Plaintiff does not have standing to assert claims against the Defendant.

14. The Plaintiff has failed to mitigate his damages, to the extent any damages have been suffered.

15. The Plaintiff's claims are barred by the doctrine of unclean hands.

16. The Plaintiff's right to recover damages, if any, is barred by equity.

17. The allegations forming the basis for the Plaintiff's claims are inaccurate.

18. The Plaintiff has not suffered damages.

19. The Plaintiff's damages, if any, are a result of his own negligence.

20. Defendant did not cause any damages alleged to have been incurred by the Plaintiff.

21. The Plaintiff's Complaint seeks to make Defendant liable for punitive damages. Defendant adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct.

1678 (2001), and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

22.     The imposition of punitive damages sought by plaintiffs violates Defendant's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines under the Eighth Amendment to the United States Constitution, and Plaintiffs' claims for punitive damages are restricted, if not barred, by the Alabama Constitution.

23.     Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in Alabama Code § 6-11-21, -27.

24.     Because of a lack of clear standards, any attempt to impose punitive damages against Defendant is unconstitutionally vague and/or overbroad.

25.     Defendant asserts setoff.

26.     The Court lacks subject matter jurisdiction over the Plaintiff's Complaint.

27.     The Court lacks personal jurisdiction over the Defendant.

28.     The Defendant asserts indemnity.

/s Joel Connally_____
Counsel for Comerica Bank

OF COUNSEL:

STRENGTH & CONNALLY, LLC
7020 Fain Park Drive, Ste. 3
Montgomery, AL  36117
Office:    334.387.2121
Cell:      334.451.1236
jc@strengthconnally.com

## CERTIFICATE OF SERVICE

Counsel certifies that he has served the foregoing pleading upon counsel for the Plaintiff via the Court's electronic noticing system on this the 10th day of April, 2015.

/s Joel Connally_____